IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES C. BRANYON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV673 |
| | ) | |
| PHOENIX BUSINESS | ) | |
| CONSULTING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

This matter comes before the Court on Defendant's Motion to Compel Arbitration or Dismiss for Lack of Subject Matter Jurisdiction ("Motion") [Doc. #10]. Plaintiff James C. Branyon, Jr. has alleged that Defendant Phoenix Business Consulting, Inc. ("Phoenix") violated North Carolina's Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 et seq. After consideration, for reasons explained below, the Motion is denied.

I.

Mr. Branyon commenced the present action by filing a Complaint [Doc. #2] in Guilford County, Superior Court Division, on May 27, 2016,[1] after which Phoenix removed the action to federal court based on diversity jurisdiction pursuant

---

[1] The original state court action was 16CVS5444.

to 28 U.S.C. §§ 1332(a) and 1441.[2] [Doc. #1.] On July 26, 2016, Phoenix filed the instant Motion and a corresponding Brief in support of that motion. [Docs. #10,11.]

In response to Mr. Branyon's claims that it unlawfully denied him compensation in violation of the North Carolina's Wage and Hour Act, Phoenix asserts that Mr. Branyon's employment contract contained an agreement to arbitrate and asks this Court to compel arbitration to resolve the present dispute. Mr. Branyon responds that the contract language Phoenix alleges is an arbitration agreement is not and the parties did not agree to any duty to arbitrate disputes. (Resp. [Doc. #17] at 7.) Phoenix's motion has been fully briefed and is ripe for review.

## II.

The Federal Arbitration Act ("FAA") "embodies a federal policy favoring arbitration." Drews Distrib., Inc. v. Silicon Gaming, Inc., 245 F.3d 347, 349 (4th Cir. 2001). Under the FAA,

> [a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

---

[2] The parties in this action are diverse. Mr. Branyon is a citizen of North Carolina and Phoenix is a Pennsylvania corporation with its principal office there. The amount in controversy exceeds the statutory minimum for diversity. (See Compl. [Doc. #2] at 1; Pet. for Removal [Doc. #1] at 2.)

-2-

9 U.S.C. § 2. Additionally, the FAA "provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement." Gilmer v. Interstate / Johnson Lane Corp., 500 U.S. 20, 25 (1991) (citing 9 U.S.C. §§ 3–4).

### III.

Phoenix argues that the parties should be compelled to arbitrate this dispute pursuant to the parties' contract or, in the alternative, this action should be dismissed because this court lacks subject matter jurisdiction as the parties have agreed to arbitrate. (Mem. [Doc. #11] at 11-12.) Mr. Branyon does not concede that the parties agreed to arbitrate anything at all. (Resp. [Doc. #17] at 7.) "[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985).

"[W]hether a party has agreed to arbitration is a matter of contract interpretation and 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" Drews Distrib., 245 F.3d at 349 (quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)). "When deciding whether the parties agreed to arbitrate a certain matter, courts generally should apply ordinary state-law principles that govern the formation of contracts." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

"A federal court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits." Perini/Tompkins Joint Venture v. Ace American Ins. Co., 738 F.3d 95, 100 (4th Cir. 2013).

> Because the existence of . . . an [arbitration] agreement is a threshold requirement to compel arbitration, we discern this to be a procedural, rather than substantive, issue. Our traditional conflict of laws rule is that matters affecting the substantial rights of the parties are determined by lex loci, the law of the situs of the claim, and remedial or procedural rights are determined by lex fori, the law of the forum.

Revels v. Miss Am. Org., 599 S.E.2d 54, 58 (N.C. App. 2004) (internal citations and quotations omitted). Therefore, because North Carolina is the forum state, we look to North Carolina law to address whether or not the parties agreed to arbitrate.

In North Carolina, to have "a valid and enforceable contract between parties, there must be a meeting of the minds of the contracting parties upon all essential terms and conditions of the contract." O'Grady v. First Union Nat. Bank, 250 S.E.2d 587, 594 (N.C. 1978). "[T]he parties must assent to the same thing in the same sense, and their minds must meet as to all the terms." Boyce v. McMahan, 208 S.E.2d 692, 695 (N.C. 1974) (internal quotation marks and citation omitted).

Phoenix cites to Section 8.4 of the employment agreement as the agreement to arbitrate. (Mem. [Doc. #11] at 1-3.) Section 8.4 consists of the following language:

> 8.4. Governing Law – This Agreement shall be construed and enforced in accordance with, and the rights of the parties shall be governed by, 1 Corinthians 6: 1-10.

([Doc. #2-1] at 23.) According to Phoenix, 1 Corinthians 6:1-10 provides as follows:

1. Dare any of you, having a matter against another, go to law before the unjust, and not before the saints?

2. Do ye not know that the saints shall judge the world? And if the world shall be judged by you, are ye unworthy to judge the smallest matters?

3. Know ye not that we shall judge angels? how much more things that pertain to this life?

4. If then ye have judgments of things pertaining to this life, set them to judge who are least esteemed in the church.

5. I speak to your shame. Is it so, that there is not a wise man amongst you? no, not one that shall be able to judge between his brethren?

6. But brother goeth to law with brother, and that before the unbelievers.

7. Now therefore there is utterly a fault among you, because ye go to law one with another. Why do ye not rather take wrong, then why do ye not rather suffer yourselves to be defrauded?

8. Nay, you do wrong, and defraud, and that your brethren.

9. Know ye not that the unrighteous shall not inherit the kingdom of God? Be not deceived: neither fornicators, nor idolaters, nor adulterers, nor effeminate, nor abusers of themselves with mankind,

10. Nor thieves, nor covetous, nor drunkards, nor revilers, nor extortioners, shall inherit the kingdom of God.

(Mem. [Doc. #11] at 2.) Mr. Branyon does not dispute that the contract includes Section 8.4, that Section 8.4 cites to Corinthians, nor that this is the text of 1

Corinthians 6:1-10. However, he does not agree that this language constitutes an agreement to arbitrate. The Court agrees.

Phoenix has not met its burden of showing that the parties entered into an agreement to arbitrate. Neither the cited contract section, nor any other portion of the contract, contains any language that would imply the parties agreed to arbitrate disputes. In other words, there is nothing to suggest a "meeting of the minds" regarding arbitration. Therefore, compelling arbitration is inappropriate.

**IV.**

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration or Dismiss for Lack of Subject Matter Jurisdiction [Doc. #10] is **DENIED**.

This the 15th day of December, 2016.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge